IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| EDWARD CHARLES HOLLAND | § | |
| VS. | § | CIVIL ACTION NO. 5:16cv31 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edward Charles Holland, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus should be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed a response to the Report in which he takes issue with the Report, but voluntarily requests that the Report be upheld. To the extent petitioner's response may be liberally interpreted as objections, the Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes petitioner's objections should be overruled.

### Objections and Analysis

In his response, petitioner asserts he is eligible for release on mandatory supervision on one of his two convictions. However, in his petition, petitioner clearly indicated he was not eligible for mandatory supervision, making him not entitled to due process during the disciplinary proceeding. Even assuming he is entitled to due process, petitioner has failed to show the denial of a protected right.

Petitioner contends he was denied due process because the Disciplinary Hearing Officer denied his request to subpoena mail room staff. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* Confrontation and cross-examination of witnesses is not required in prison disciplinary proceedings. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Thus, petitioner has failed to show the alleged denial of a constitutional right regarding his request to subpoena or call and confront mail room staff.

Additionally, petitioner failed to identify any specific person he wished to call. Prison officials have broad discretion to limit the presentation of evidence at disciplinary hearings. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976). Therefore, petitioner has again failed to show the violation of a constitutional right regarding the alleged denial of mail room staff at the hearing. Moreover, petitioner has failed to show prejudice regarding the claims asserted.

Finally, as stated earlier, petitioner requests that the Magistrate Judge's recommendation of denial be upheld. Accordingly, petitioner's petition should be denied.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 20th day of July, 2016.**

Robert W Schroeder III
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE